UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RAY WILLIAMS,<br><br>             Plaintiff,<br><br>     v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>             Defendants. | No. 2:15-cv-0741 MCE CKD P<br><br><br><br>ORDER |

I. <u>Introduction</u>

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's jail trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts.  See Swierkiewicz v. Sorema, 534 U.S. 506 (2002).  Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper.  McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

III. Analysis

Plaintiff names as defendants the People of the State of California and Sacramento County. (ECF No. 1 at 1.)  He alleges that the Sacramento County Police Department violated his federal constitutional rights in August 2014, when they detained him and his parents without probable cause and searched their house without a valid warrant.  (Id. at 1-2.)  He also makes

2

1  allegations concerning the conduct of his criminal trial in December 2014 (e.g., judicial bias,
2  ineffective assistance of counsel) and his sentencing in January 2015.  (Id. at 3-4.)  He requests an
3  order mandating the county and state to "abide by the governing laws."  He also seeks six million
4  dollars in damages.  (Id. at 7.)

5  First, plaintiff's complaint does not meet the Rule 8 requirement of a short and plain
6  statement of the claim showing entitlement to relief.

7  Second, claims concerning plaintiff's trial and sentencing are not cognizable under §1983.
8  A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the correct method for a prisoner to
9  challenge the legality or duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th
10 Cir.1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes
11 to Habeas Rule 1, 1976 Adoption.  Insofar as plaintiff argues that the conviction resulting in his
12 imprisonment was obtained by unconstitutional means, he may refile these claims in a separate
13 action under § 2254.

14 Third, the Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

18 42 U.S.C. § 1983.

19 Plaintiff names Sacramento County as a defendant in this action.  "Municipalities and
20 other local government units ... [are] among those persons to whom § 1983 applies."  Monell v.
21 Dept. of Soc. Servs., 436 U.S. at 690.  However, a municipal entity or its departments is liable
22 under § 1983 only if plaintiff shows that his constitutional injury was caused by employees acting
23 pursuant to the municipality's policy or custom.  See Villegas v. Gilroy Garlic Festival
24 Association, 541 F.3d 950, 964 (9th Cir. 2008) (citing Monell, 436 U.S. at 690–94).  "[A]n act
25 performed pursuant to a 'custom' that has not been formally approved by an appropriate
26 decisionmaker may fairly subject a municipality to liability on the theory that the relevant
27 practice is so widespread as to have the force of law."  Board of County Comm'rs. of Bryan
28 County v. Brown, 520 U.S. 397, 404 (1997).  As plaintiff has not alleged that the challenged

actions by Sacramento County police were performed pursuant to county "policy or custom," the county is not a proper defendant.

For these reasons, plaintiff's complaint must be dismissed. The court will grant plaintiff one opportunity to file an amended complaint.

IV.  Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation, filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

////

     4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: May 18, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / will0741.14.new